# In the United States Court of Federal Claims

No. 21-1878
Filed: June 30, 2022

| | |
|---|---|
| _____ | ) |
| | ) |
| GREG ALLEN KING, A/K/A | ) |
| GREG ALLEN KING ESTATE, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| *Defendant.* | ) |
| _____ | ) |

*Greg Allen King*, pro se.

*Russell J. Upton*, Trial Attorney, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., with whom were *Brian M. Boynton*, Acting Assistant Attorney General, *Martin F. Hockey, Jr.*, Acting Director, and *Lisa L. Donahue*, Assistant Director, for Defendant.

## OPINION AND ORDER

**MEYERS, Judge**.

Greg Allen King has been engaged in foreclosure litigation in the District of Maine that has apparently not been going his way. He brought this action seeking to enjoin the District Court's proceedings and requesting compensation for the alleged taking of his property and breach of contract. This Court promptly denied injunctive relief because it is unquestionably beyond this Court's jurisdiction to enjoin another Court's proceedings. The Court now turns to King's remaining claims.

While King's Complaint is somewhat difficult to decipher, he raises several arguments that appear to arise from the foreclosure litigation. Most are easily dispensed with because this Court unquestionably lacks jurisdiction to hear them—e.g., claims against defendants other than the United States, calls for this Court to review the decisions of the District Court, allegations of criminal violations, and claims based on laws that are not money-mandating.

King also brings two claims that generally are within this Court's jurisdiction but are not in this case. He argues that the Government has breached an express contract with him because he submitted what he claims is a bond to the Secretary of the Treasury and the Government's failure to reject the bond created a contract. Such a contract theory is frivolous and cannot

support jurisdiction here.  King also argues a taking claim, but this fails because his entire argument about the District Court taking his property is premised on misconduct that he asserts is unauthorized.  Because this Court lacks jurisdiction to hear any of King's claims, the Government's motion to dismiss is granted.

## I.    BACKGROUND

Since 2019, King has been engaged in litigation regarding the potential foreclosure of real property in Maine.  *See* ECF No. 1 at 2[1]; *see also U.S. Bank Trust NA as Trustee for LSF9 Master Participation Trust v. King*, Case No. 1:19-cv-119-JDL, in the United States District Court for the District of Maine.  Based on the Complaint here, it does not appear that the case has gone as King believes it should have.  *See, e.g.*, ECF No. 1 at 7 ("A review of PACER will show all of the documents filed into case no. 1:19-cv-00119-JDL and will reveal that Claimant has not slumbered on Claimant's rights and has fully voiced all opposition to this foreclosure action against the GREG ALLEN KING Estate.").

While the foreclosure litigation was pending in Maine, King filed what he claims is a "Private Registered Bond for Investment" with the Secretary of State of Puerto Rico.  *Id.* at 4; *see also* ECF No. 1-1 at 6-7.  This "bond" is predicated on King's Certificate of Live Birth and purports to be for $100,000,000, payable in 25 years and paying four percent interest per year.  ECF No. 1-1 at 6.  The "bond" also states that the U.S. Secretary of the Treasury would have thirty days from the receipt of the "bond" to dishonor it, and failure to do anything "**shall constitute Acceptance and Honoring of this Bond**."  *Id.* (emphasis in original).  King now claims this "bond" constitutes an express contract between him and the United States Government.  ECF No. 1 at 4-6.

During the foreclosure litigation, King sought to draw on the interest from this "bond" to settle the debt underlying the foreclosure.  When the District Court refused, King concluded that the District Court was taking his property and the United States breached its contract with him to pay the proceeds from the "bond."

King then filed this case.  He sought to get this Court to insert itself into the Maine proceedings by enjoining the District Court's proceedings until this Court could resolve his Fifth Amendment and contract claims.  *See* ECF No. 2.  This Court promptly denied the requested injunctive relief, explaining that "the Tucker Act only grants this Court the authority to issue injunctions in cases challenging the award (or proposed award) of contracts brought under 28 U.S.C. § 1491(b)."  ECF No. 6 at 1-2.  And more fundamentally, the Court explained that it "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts."  *Id.* at 2 (quoting *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)).

## II.    STANDARDS OF REVIEW

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  And a waiver of immunity "cannot be

---

[1] Because the Complaint does not have numbered paragraphs, the Court cites to page numbers.

implied but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969).
Whether the Court has subject matter jurisdiction to decide the merits of a case is a threshold
matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). "Without jurisdiction
the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it
ceases to exist, the only function remaining to the court is that of announcing the fact and
dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868).

When deciding a Rule 12(b)(1) motion, the Court must assume all the undisputed facts in
the complaint are true and draw all reasonable inferences in the nonmovant's favor. *Kissi v.
United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (citing *Henke v. United States*, 60 F.3d 795,
797 (Fed. Cir. 1995)). The Court may also rely on materials outside the Complaint when
deciding the motion. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1575, 1584 (Fed. Cir. 1993).

The Court holds a pro se plaintiff's pleadings to a less stringent standard and liberally
construes language in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But
even a pro se plaintiff must meet his jurisdictional burden. As the Federal Circuit explained,
"[w]e agree that leniency with respect to mere formalities should be extended to a pro se
party . . . [h]owever . . . a court may not similarly take a liberal view of that jurisdictional
requirement and set a different rule for pro se litigants only." *Kelley v. Sec'y, U.S. Dep't of
Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). "Pro se or not, the plaintiff still has the burden of
establishing by a preponderance of the evidence that this Court has jurisdiction over its claims."
*Rothing v. United States*, 132 Fed. Cl. 387, 390 (2017) (citing *Kokkonen v. Guardian Life Ins.
Co. of Am.*, 511 U.S. 375, 377 (1994)). "Although a litigant has the right to act as his or her own
attorney, it is well established that the right of self representation is not a license to fail to
comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3
Cl. Ct. 539, 541 (1983) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

## III.    DISCUSSION

King asserts that his claims are within the Court's jurisdiction because "when one looks
at the history of this court from its inception, under the common law, at a time when there was
no such PUBLIC POLICY and only PUBLIC LAW. This implicates the common law and the
court does have General Jurisdiction over both of these Jurisdictions." ECF No. 11 at 1
(emphasis in original). But this Court has no such general jurisdiction. Like other federal courts,
this one has a defined jurisdiction that King's claims must fit within if he is to proceed here.
They do not.

The Tucker Act provides the only potential basis for subject matter jurisdiction in this
Court. ECF No. 6 at 1-2. The Tucker Act provides jurisdiction over "any claim against the
United States founded either upon the Constitution, or any Act of Congress or any regulation of
an executive department, or upon any express or implied contract with the United States, or for
liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But
the Tucker Act is "a jurisdictional statute; it does not create any substantive right enforceable
against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398
(1976). To invoke this Court's jurisdiction, therefore, King "must demonstrate that the source of
substantive law he [or she] relies upon 'can fairly be interpreted as mandating compensation by
the Federal Government'" for any sustained damage. *United States v. Mitchell*, 463 U.S. 206,

216-17 (1983) (quoting *Testan*, 424 U.S. at 400) (other citations omitted).  If King fails to establish jurisdiction under the Tucker Act, this Court must dismiss the complaint under RCFC 12(b)(1).  *Outlaw v. United States*, 116 Fed. Cl. 656, 658-59 (2014); RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  This Court lacks jurisdiction over each of the claims King asserts.

First, although King captioned his Complaint as being against the United States, he lists as "Parties": (1) Treasury Secretary Janet Yellen; (2) Judge Jon D. Levy; and (3) Magistrate Judge John C. Nivison.  ECF No. 1 at 3.  And the counts King pleads indicate that he is seeking damages against "Defendants 1-3" or some subset of them.  *Id.* at 9 (Counts 1-2), 10 (Counts 3-5), 11 (Count 6), 16 (Counts 7-8), 17 (Count 9), 18 (Count 10), 19 (Count 11).  But the Supreme Court made clear that "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of [this] court."  *Sherwood*, 312 U.S. at 588.  Therefore, "the *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual."  *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis in original).  To the extent the Complaint brings an action against these (or any other) parties other than the United States, it is dismissed.

Second, as this Court made clear in denying King's request for injunctive relief, this Court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts."  ECF No. 6 at 2 (quoting *Joshua*, 17 F.3d at 380).  Several of King's claims are beyond this Court's jurisdiction because they would require this Court to review the District Court's decisions.  For example, King complains that he repeatedly sought common law arbitration, but the District Court denied his requests.  ECF No. 1 at 9.  He also asserts that the case was improperly before the District Court and should have been filed in or transferred to state court.  *Id.*  Similarly, King alleges that both the District Judge and the Magistrate Judge presiding over the foreclosure action violated the Code of Conduct for United States Judges.  *Id.* at 9-10.  King also complains because the District Court issued a "COK Order" that limited his ability to file documents on the Court's docket.  *Id*. at 10; *see also* ECF No. 1-1 at 79-82 (the District Court's Order).[2]  Finally, King complains that the District Court did not allow certain documentation into evidence during the foreclosure trial.  ECF No. 1 at 10.  These are precisely the types of decisions of the District Court that this Court cannot review.  *E.g.*, *Mohammed v. United States*, Civ. No. 21-2262, 2022 WL 627443, at *2-3 (Fed. Cl. Mar. 3, 2022), *appeal dismissed* No. 2022-1543, 2022 WL 2035610 (Fed. Cir. June 7, 2022).  These issues are for an appellate court, not this one.

Third, King makes several claims that purported violations of various criminal statutes entitle him to compensation.  But this "court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . ."  *Joshua*, 17 F.3d at 379.  Therefore, this Court

---

[2] King also alleges that the COK Order violated his rights under the First and Fourth Amendments, and the due process clause of the Fifth Amendment.  ECF No. 1 at 10.  None support jurisdiction here because "except for the taking clause of the fifth amendment, the other amendments do not require the United States to pay money for their alleged violation" and thus are not money-mandating sources of law.  *Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981) (per curiam).

lacks jurisdiction over King's claims that various government officials violated 18 U.S.C. §§ 4, 153, 242, 654, 1341.

Fourth, the various statutes and constitutional provisions that King relies upon are not money-mandating. King makes a fanciful allegation that the individual defendants are "acting as agents for private foreign courts operating under the color of law in foreign jurisdictions and therefore claimant asserts that violates **5 USC § 7311 – Loyalty and Striking**." ECF No. 1 at 11 (emphasis in original). Putting aside the absurd notion that the District Court is a "private foreign court," there is absolutely nothing in 5 U.S.C. § 7311 that comes close to compelling monetary damages in the event of a violation—i.e., it is not money-mandating.

Fifth, although not clearly alleging torts, King does make several references to "trespass" and "conversion" in his Complaint, which sound in tort. *Id.* at 11, 14, 15. To the extent he is seeking to bring tort claims, this Court lacks jurisdiction over those as well. 28 U.S.C. § 1491(a)(1) only grants this Court jurisdiction over claims "not sounding in tort."

Sixth, when a plaintiff brings a breach of contract claim, "there is a presumption in the civil context that a damages remedy will be available upon the breach of an agreement." *Boaz Hous. Auth. v. United States*, 994 F.3d 1359, 1364 (Fed. Cir. 2021) (citations omitted). In all but a few narrow circumstances not relevant here, this presumption satisfies the requirement for a money-mandating source of law. *Id.* In other words, the "general rule" is that "if a plaintiff alleges breach of a contract with the government, the allegation itself confers power on the [Court of Federal Claims] to decide whether the claim has merit." *Columbus Reg'l Hosp. v. United States*, 990 F.3d 1330, 1341 (Fed. Cir. 2021). But, as with most general rules, there is an "exception . . . when the plaintiff's allegations are frivolous . . . ." *Id.* King's contract allegations are patently frivolous.

The purported contract that King relies upon is a "Private Registered Bond for Investment" attached to his Complaint. *See* ECF No. 1 at 1; ECF No. 1-1 at 6. This bond purports to be for $100,000,000 and provides that "**Failure to return the Bond as stated shall constitute Acceptance and Honoring of this Bond**." ECF No. 1-1 at 6 (emphasis in original). King appears to argue that this bond is a binding contract because he sent it to the Secretary of the Treasury and it was not returned, which means it was accepted. ECF No. 1 at 8; ECF No. 11 at 2-3. Therefore, he claims entitlement to monetary payments of some portion of the bond's gains of around $350,000 per month. ECF No. 1 at 5; ECF No. 11 at 2-3. But as a matter of law, the bond here is not a contract.

A contract requires "'a manifestation of mutual assent.'" *Rohland v. United States*, 136 Fed. Cl. 55, 67 (2018) (quoting Restatement (Second) of Contracts § 3 (Am. Law Inst. 1981)). But it is clear that "[a] person simply cannot, as plaintiff has attempted, unilaterally impose a 'settlement agreement' (or any type of contract) on another party." *Id.*; *see also Harvey v. United States*, 149 Fed. Cl. 751, 771 (2020), *aff'd*, 845 F. App'x 923 (Fed. Cir. 2021) (quoting *Rohland*). Like the plaintiff in *Harvey*, there is nothing in this case indicating that the United States ever intended to enter any contract with King. Rather, King "is attempting to unilaterally impose a contract upon defendant[] for personal financial gain." *Harvey*, 149 Fed. Cl. at 771. Because there is no indication that any authorized official of the United States ever affirmatively agreed to a contract with King, his assertion that he has a contract requiring the Government to

5

pay him is frivolous and cannot support jurisdiction here.[3]  *Columbus Reg'l Hosp.*, 990 F.3d at 1341; *Double Lion Uchet Express Tr. v. United States*, 153 Fed. Cl. 392, 400 (2021).

Finally, while not explicitly pleaded, King makes several references that could be understood as alleging a taking of private property requiring compensation under the Fifth Amendment.  King complains of "[t]he taking of private property," ECF No. 1 at 2, and that "the [district] court has taken this deposit and used it for the benefit [of] the court."  *Id.* at 6.  To the extent King is claiming a compensable taking of his property under the Fifth Amendment, this Court lacks jurisdiction because King alleges exclusively unauthorized conduct by the Government.  Throughout his Complaint, King calls the taking of his property "theft," "felonious theft," "embezzlement," and "criminal conversion."  *Id.* at 6, 7, 11, 15, 16, 17, 20.  Indeed, King alleges that the Maine judges are taking his property by "using unsound biased judicial powers outside the scope of the official judicial duties . . . ."  *Id.* at 16.  But "for the Court to possess jurisdiction over a takings claim, the 'claimant must concede the validity of the government action which is the basis of the taking claim.'"  *Jackson v. United States*, 143 Fed. Cl. 242, 247 (2019) (quoting *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802-03 (Fed. Cir. 1993)).  Therefore, the Court lacks jurisdiction to the extent King is bringing a takings claim under the Fifth Amendment.

Because this Court lacks jurisdiction over any part of King's complaint, the Court grants the Government's motion to dismiss.

## IV.    Motion for Seal

King also moves for an order sealing this matter from the public.  ECF No. 2 at 2.  The entirety of his motion states:

> Claimant, being an American State National civilian private citizen hereby request[s] that this matter be sealed from the public. Commingling enemy combatants, hostiles, rebels, belligerents, and volunteers in the public for all to see the proceedings is forbidden. In addition, private exemption accounts and private registered bond numbers are presented in this case in order to prove the claimant['s] case and therefore claimant request that this motion be granted to preserve the public trust and to not commingle the private and public as a matter of national security.

*Id.*

This falls woefully short of justifying the sealing of this matter.  The notion that anything in this case comes close to raising any issue "of national security" is without merit.  So is the assertion that "[c]ommingling enemy combatants, hostiles, rebels, belligerents, and volunteers in the public for all to see the proceedings is forbidden."  King *chose* to sue the Government.  And

---

[3] Even if the Court could assume jurisdiction over a contract claim here, it would undoubtedly fail under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

when suing in this Court (and every federal court) there is a common-law right to access to judicial records.  *E.g.*, *Kurt v. United States*, 103 Fed. Cl. 384, 388 (2012).

The Complaint and some of its exhibits do include what King claims are account numbers.  Although the Court is skeptical that any of these account numbers correspond to actual accounts in any financial institution, RCFC 5.2 does permit the redaction of all but the last four digits on an account number.  Therefore, the Court will allow King to file proposed redactions in accordance with RCFC 5.2 within 45 days of this Order.  If King fails to provide proposed redactions to his filings or does not do so in accord with RCFC 5.2, the Court may unseal all filings.

## V.     CONCLUSION

For the foregoing reasons, the Court grants the Government's motion to dismiss, ECF No. 8.

The Court also denies King's motion to seal the proceedings, ECF No. 2, but will allow him to file proposed redactions to documents in accord with RCFC 5.2.  Failure to respond or propose redactions in accord with RCFC 5.2 may result in the unsealing of the entire record before the Court.

The Clerk's Office is directed to enter judgment accordingly.

IT IS SO ORDERED.

<u>s/ Edward H. Meyers</u>
Edward H. Meyers
Judge